### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|    *Respondent*, | ) | |
| | ) | |
|   v. | ) | Case No: 13 C 50224 |
| | ) | |
| Gerald W. Osborn, | ) | |
| | ) | |
|    *Movant*. | ) | Judge Frederick J. Kapala |

### ORDER

Osborn's § 2255 motion [1] is dismissed. Certificate of appealability is denied. This case is closed.

### STATEMENT

  In November 2007, movant, Gerald W. Osborn, pleaded guilty to theft of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. § 924(m) and waived his right to appeal his conviction or sentence including "any collateral attack or future challenge, including but not limited to a motion brought under 28 U.S.C. § 2255." In March 2008, this court sentenced Osborn to 96 months' imprisonment. Despite his appellate waiver, Osborn filed a direct appeal. However, the Seventh Circuit granted his subsequent motion to dismiss in August 2008. Nearly five years later, Osborn has filed a § 2255 motion contending that he should be resentenced in consequence of the Supreme Court's recent decision in Peugh v. United States, which held that it is a violation of the Constitution's Ex Post Facto Clause to sentence a defendant under a guideline promulgated after the commission of the crime if doing so results in a higher sentencing range than the applicable guidelines in effect at the time of the crime. 569 U.S. ___, 133 S. Ct. 2072 (2013).

  This court must give Osborn's motion initial consideration under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts which provides: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing § 2255 Proceedings. For the reasons that follow, this court finds that Osborn is not entitled to relief under § 2255 and his motion is dismissed.

  First, Osborn has waived his right to file a motion under § 2255 as a term of his plea agreement with the government. The pertinent portion of his appeal waiver provides:

> [D]efendant also waives his right to challenge his conviction and sentence, or the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States

> Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

Because the ground advanced by Osborn relates to his sentence, and not to the negotiation of his appeal waiver, it is barred by the clear and unambiguous language of the plea agreement. See United States v. Rhodes, 330 F.3d 949, 952 (7th Cir. 2003) ("[A] voluntary and knowing waiver of an appeal is valid and must be enforced." (quotation marks omitted)).

Second, even assuming for the sake of argument that his motion is not barred by his appeal waiver, Osborn's motion is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of: (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4). Osborn filed his § 2255 motion almost five years after his conviction became final, making it untimely under subsection (1) of § 2255(f), and he does not allege a government-created impediment to filing or the late discovery of any facts supporting his claims under subsections (2) or (4). Rather, Osborn presumably invokes subsection (3) and contends that the right upon which he relies was only recently recognized by the Supreme Court in Peugh. Osborn has failed, however, to show that the Supreme Court has made its holding in Peugh retroactively applicable to cases on collateral review. A new rule of constitutional law such as that stated in Peugh is only applicable to Osborn if it has been made retroactive to cases on collateral review by the Supreme Court. See Dodd v. United States, 545 U.S. 353 (2005). The Supreme Court did not declare in Peugh that its new rule applies retroactively on collateral review and it is not likely that it will do so. See Simpson v. United States, No. 13–237, ___ F.3d ___, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) (noting that the new constitutional rule announced in Alleyne v. United States, 570 U.S. ___, 2013 WL 2922116 (June 17, 2013), had not been made retroactively applicable on collateral review, and that Alleyne is an extension of Apprendi, which itself is not retroactive). Accordingly, Osborn's motion is untimely.

Contemporaneous with his § 2255 motion, Osborn has filed a "request for clarification" asking this court to clarify whether his federal sentence was to be served concurrently or consecutively with his state sentence. Osborn asks that this court clarify that his federal sentence should be credited for the time he was concurrently serving a state sentence and detained pending resolution of his federal case. Specifically, Osborn seeks credit for the time between March 5, 2007, when he was detained by U.S. Marshals in connection with his federal case, until October 20, 2007, when his state prison sentence expired. Osborn's request for clarification is actually a collateral attack on his sentence more appropriately brought under § 2255. Once properly characterized as such, it is clearly outside the limitations period stated in § 2255(f). In addition, there is nothing in the record indicating that this court had any intention to run its sentence concurrent with his state sentence. Moreover, because Osborn was sentenced in his federal case after his state sentence had

expired, this court could not run the federal sentence concurrent with his state sentence because Osborn was no longer "a defendant who [was] already subject to an undischarged term of imprisonment." See 18 U.S.C. § 3584. In addition, credit for prior custody is within the purview of the Bureau of Prisons and is governed by § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). Osborn admits that the time between March 5, 2007 and October 20, 2007 was credited against his state sentence, and therefore, he would not be entitled to double credit. Consequently, Osborn's request for clarification is denied.

For the reasons stated above, Osborn's motion to vacate, set aside or correct sentence pursuant to § 2255 is denied pursuant to the Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Pursuant to Rule 11(a) of the Rules Governing § 2255 proceedings, this court denies a certificate of appealability in this case. A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation marks omitted). Osborn has not made a substantial showing of the denial of a constitutional right nor has he shown that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented in the petition deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

Date: 7/19/2013

ENTER:

_____

FREDERICK J. KAPALA

District Judge